2005 OK 70

**STATE OF OKLAHOMA ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Travis Alan SCAGGS, Respondent.**

**No. SCBD 5086.**

Supreme Court of Oklahoma.

Oct. 11, 2005.

¶0 **ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

¶1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Travis Alan Scaggs (Scaggs/attorney), pending disciplinary proceedings, the application reveals:

1) On August 18, 2005, the attorney submitted his written affidavit of resignation from membership in the Bar Association pending investigation of disciplinary proceedings. On June 27, 2005, the respondent was suspended for failure to pay his Oklahoma Bar Association Dues and for failure to comply with Mandatory Continuing Legal Education.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation. The respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing.

3) The respondent states in his affidavit of resignation that he is aware of six grievances filed against him with the Office of the General Counsel of the Oklahoma Bar Association. Four complaints were filed by clients. The gravamen of each of these complaints are neglect and failure to communicate. One complaint was filed by a former attorney with whom the respondent had an office sharing arrangement. It is asserted that the respondent missed meetings, deadlines and hearings and that he utilized the other attorney's name when filing pleadings. The final complaint was filed by the Office of the General Counsel after the attorney's personal check for continuing legal education fees, made out to the Oklahoma Bar Association, was returned for insufficient funds. The Bar Association asserts that: a) it repeatedly attempted to contact the attorney; b) the attorney did not respond to inquiries; and c) the check, issued on August 11, 2005, remains unpaid. Three of the complaints allege that the attorney did not respond to the complaints and that, on two occasions, he failed to appear for depositions pursuant to subpoenas properly served. Rules 1.3 and 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A; Rules 1.1, 1.3, 1.4, 3.2 and 8.4, Rules of Professional Conduct, 5 O.S.2001, Ch.1, App. 3–A.

4) Initially, on August 9, 2005, the respondent forwarded a letter of resignation to the Bar Association. In the letter, the

attorney asserted that his mental and physical condition prevented him from adequately defending himself against the charges filed. Further, he denied all allegations set forth in the complaint. Nevertheless, on August 18, 2005, the attorney filed an affidavit regarding resignation pending disciplinary proceedings. The affidavit provides that the attorney is aware that the burden of proof lies with the Bar Association; and the respondent waives any and all right to contest the allegations outlined in the affidavit.

5) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.

6) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and it should be approved.

7) The official roster address of the respondent, as shown by the Bar Association records, is: 3217 E. 28th Street, Tulsa, Oklahoma 74114.

8) The Bar Association has waived costs in the investigation of this matter.

9) The respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of Travis Alan Scaggs pending disciplinary proceedings be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of Travis Alan Scaggs be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of the reinstatement.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10TH DAY OF OCTOBER, 2005.

ALL JUSTICES CONCUR.